UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Candice Wajidali<br>495 Ashley Way<br>Loganville, GA 30052<br><br>   Plaintiff,<br><br>v.<br><br>GC Services, Limited Partnership<br>150 N. Martingale Road, Suite 838<br>Schaumburg, IL 60173<br><br>   Defendant. | **FILED: JULY 7, 2008**<br>CASE NO.: **08CV3852**<br>   **JUDGE COAR**<br>JUDGE: **MAGISTRATE JUDGE COX**<br>   **AEE**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around October 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment.

10. During this communication, Plaintiff notified Defendant that Plaintiff did not wish to receive Defendant's telephone calls at work and provided her residence telephone number as an alternative number for Defendant to reach Plaintiff.

11. During this communication, Defendant threatened, in a hostile and menacing tone, that Defendant would have Plaintiff's wages garnished and a lien placed on Plaintiff's house if Plaintiff did not pay the debt.

12. Despite Plaintiff's notice, Defendant continued to telephone Plaintiff's place of employment on numerous occasions between October 2007 and November 2007.

13. During several of these communications, Plaintiff reiterated her request that Defendant refrain from calling her place of employment, but Defendant continued to call.

14. At the time of the communications referenced above, Defendant had not obtained a judgment against Plaintiff.

15. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT FIVE

### Invasion of Privacy by Intrusion upon Seclusion

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

27. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

28. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

29. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

30. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

31. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

32. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Jeffrey S. Hyslip
    Jeffrey S. Hyslip
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: jsh@legalhelpers.com